IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Eli Hutchinson,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV 08-8108-PCT-NVW (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

### BACKGROUND

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner David Eli Hutchinson. Doc. #1. On February 7, 2006, pursuant to a plea agreement in the Yavapai County Superior Court, Petitioner pled guilty to two counts of weapons misconduct, class four felonies under Arizona law, and one count of possession of drug paraphernalia, a class six felony. Doc. #10, Exh. A. On March 30, 2006, Petitioner was sentenced to 3.5 years in prison on the weapons misconduct counts and 1.5 years on the drug paraphernalia count, all to run concurrently. Doc. #10, Exh. B.

On October 19, 2006, Petitioner filed a Notice of Post-Conviction Relief. Doc. #10, Exh. C. On February 20, 2007, appointed counsel filed a motion indicating he had reviewed the record and found no colorable claims to raise. Doc. #10, Exh. D. He further requested an extension of time to allow Petitioner to file his own *pro se* petition. Id. Petitioner filed

a *pro se* Petition for Post-Conviction Relief on March 20, 2007. Doc. #10, Exh. E. The State filed a Response on April 13, 2007. Doc. #10, Exh. F. Petitioner then filed a Reply. Doc. #10, Exh. G. On May 9, 2007, the trial court determined the petition was untimely under state law and dismissed it. Doc. #10, Exh. H. Petitioner filed a Petition for Review in the Arizona Court of Appeals on July 9, 2007, which was summarily denied on March 18, 2008. Doc. #10, Exh. I, J. Petitioner claims he then sought review in the Arizona Supreme Court in the form of a state habeas petition, but no documentation has been provided to the court to establish this. Doc. #1.

On September 8, 2008, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Doc. #1. Petitioner alleges six grounds for relief, which Respondents acknowledge were all raised in his state petition for post-conviction relief. Doc. #10 at 2. On December 3, 2008, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #10. Petitioner filed a Reply to Respondents' Answer on December 15, 2008.

## DISCUSSION

Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period. Alternatively, Respondents argue that Petitioner's claims are procedurally defaulted because they were not raised in the state court in a timely manner. Because the information presented establishes that the habeas petition is untimely, the court finds that it is barred by the statute of limitations and recommends that the petition be denied on that basis.

**A.   Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1).[1] The statute provides:

---

[1] Because Petitioner's habeas petition was filed after the AEDPA effective date of April 24, 1996, the Act's provisions apply to this case. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). In such cases, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). However, a state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1812 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id.

The statute of limitations under AEDPA may be subject to equitable tolling. Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002). However, as a general rule, equitable tolling is

- 3 -

1 not available in most cases and may be applied only when "extraordinary circumstances
2 beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty,
3 187 F.3d 1104, 1107 (9th Cir. 1999).

**B.     Application**

Petitioner was convicted and sentenced under the plea agreement on March 31, 2006. Petitioner had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Petitioner failed to file a petition for post-conviction relief within the 90-day time limit and therefore his judgment of conviction became final upon the expiration of that period, which was June 30, 2006. The one-year statute of limitations began to run the next day and expired one year later on July 1, 2007. Petitioner filed his habeas petition on September 8, 2008, more than a year too late.

Petitioner's state petition for post-conviction relief on October 19, 2006, did not toll the habeas statute of limitations. The state court found that the petition for post-conviction relief was untimely. Doc. #10, Exh. H. That decision was affirmed on appeal. Doc. #10, Exh. J. As a result, the statute of limitations period was not tolled during the time the post-conviction petition was pending. See Pace, 125 S.Ct. at 1812.

Petitioner contends in his reply that after looking up the weapons misconduct statute in the prison law library, he discovered that he was not guilty of the crime. He contends that his lawyer failed to properly advise him about the elements of the offense. Petitioner contends that his state post-conviction petition was late because he learned this information after the 90-day time limit for filing the petition. Rules 32.1(d), (e), (f), (g) and (h) of the Arizona Rules of Criminal Procedure provide exceptions to the time limit for a state post-conviction petition. Petitioner, however, failed to present to the state court any argument to support the application of an exception. Moreover, nothing presented in his reply would support an exception to the 90-day time limit.

Lastly, Petitioner has not presented facts to support the application of equitable tolling. He has not shown extraordinary circumstances beyond his control that made it impossible for him to file a timely habeas petition.

- 4 -

For these reasons, the court finds that Petitioner's habeas petition is untimely. Because the petition is barred by the statute of limitations, the court will recommend that it be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 19th day of May, 2009.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge